## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| RICHARD CAPRI, | 3:12-cv-00417-RCJ-VPC |
| Plaintiff, | |
| | **MINUTES OF THE COURT** |
| v. | |
| JAMES COX, *et al.*, | |
| | December 18, 2013 |
| Defendants. | |

PRESENT:   THE HONORABLE VALERIE P. COOKE, U.S. MAGISTRATE JUDGE

DEPUTY CLERK:   LISA MANN        REPORTER: NONE APPEARING

COUNSEL FOR PLAINTIFF(S): NONE APPEARING

COUNSEL FOR DEFENDANT(S): NONE APPEARING

**MINUTE ORDER IN CHAMBERS:**

Before the court is defendants' motion for leave to file exhibits containing plaintiff's medical records under seal (#22).[1] Specifically, defendants seek to file under seal Exhibits A and B to their opposition to plaintiff's motion for temporary restraining order. *Id.* Plaintiff opposed the motion (#26), and defendants replied (#27).

"Historically, courts have recognized a general right to inspect and copy public records and documents, including judicial records and documents." *See Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (internal quotation marks and citation omitted). Documents that have been traditionally kept secret, including grand jury transcripts and warrant materials in a pre-indictment investigation, come within an exception to the general right of public access. *See id.* Otherwise, "a strong presumption in favor of access is the starting point." *Id.* (internal quotation marks and citation omitted).

A motion to seal documents that are part of the judicial record, or filed in connection with a dispositive motion must meet the "compelling reasons" standard outlined in *Kamakana*. Thus, a party seeking to seal judicial records must show that "compelling reasons supported by specific

---

[1] Refers to the court's docket numbers.

factual findings . . . outweigh the general history of access and the public policies favoring disclosure." *Kamakana*, 447 F.3d at 1178-79. The trial court must weigh relevant factors including "the public interest in understanding the judicial process and whether disclosure of the material could result in improper use of the material for scandalous or libelous purposes or infringement upon trade secrets." *Pintos v. Pacific Creditors Ass'n*, 605 F.3d 665, 679 n. 6 (9th Cir. 2010) (internal quotation marks and citation omitted). While the decision to grant or deny a motion to seal is within the trial court's discretion, the trial court must articulate its reasoning in deciding a motion to seal. *Pintos*, 605 F.3d at 679.

The court recognizes that the need to protect medical privacy has qualified as a "compelling reason," for sealing records in connection with a dispositive motion. *See, e.g.*, *San Ramon Regional Med. Ctr., Inc. v. Principal Life Ins. Co*., 2011 WL89931, at *n.1 (N.D. Cal. Jan. 10, 2011); *Abbey v. Hawaii Employers Mut. Ins. Co*., 2010 WL4715793, at * 1-2 (D. HI. Nov. 15, 2010); *G. v. Hawaii*, 2010 WL 267483, at *1-2 (D.HI. June 25, 2010); *Wilkins v. Ahern*, 2010 WL3755654 (N.D. Cal. Sept. 24, 2010); *Lombardi v. TriWest Healthcare Alliance Corp*., 2009 WL 1212170, at * 1 (D.Ariz. May 4, 2009).

Here, plaintiff complains that sealing his medical records is not in the public interest and that he should not have to submit a kite to review the records. He also asserts that the records are not authenticated and contain false information. *Id*. Plaintiff is incorrect that the documents have not been authenticated. The medical records for plaintiff submitted as Exhibits A-C to their opposition are authenticated by the declaration of NNCC Health Information Coordinator Ronnalee Knight (#23, Ex. E).

Plaintiff subsequently filed two more documents, which he styled another "response" and a "supplemental response" (#s 30, 31). In those documents, he alleges that he has submitted kites to review his medical records, but no NNCC personnel have arranged to allow him to inspect the records. *Id*. Defendants filed a motion to strike #s 30 and 31 as fugitive documents (#34). They also state in that motion that plaintiff was instructed to kite the warden, which he has not done. *Id*.

The court concludes that plaintiff's opposition mainly concerns his access to the records while at NNCC and not the analysis under *Kamakana*. The court will not interject itself into the daily administration of the institution. The court thus finds that, balancing the need for the public's access to information regarding plaintiff's medical history, treatment, and condition against the need to maintain the confidentiality of plaintiff's medical records weighs in favor of sealing these records. Therefore, defendants' motion (#22) is **GRANTED** and Exhibits A and B (#s 24-1 and 24-2), filed in support of defendants' opposition to plaintiff's motion for temporary restraining order, shall be filed under SEAL.

Next, the court shall **GRANTS** defendants' motion to strike (#34) and **STRIKES** plaintiff's documents at #s 30 and 31 as fugitive documents. However, plaintiff is advised that if he kites the warden to review the medical records that have been filed under seal in this matter and is unable to reasonably review such records and take notes, he shall file a motion to compel review of the medical records with this court. To obviate the need for such filing, defendants should ensure that plaintiff is given reasonable time to review the records and take notes.

Finally, plaintiff has filed a motion to voluntarily dismiss defendant John Keats (#42). Defendants filed a non-opposition to the motion (#46). Plaintiff's motion (#42) is **GRANTED**.

**IT IS SO ORDERED.**

LANCE S. WILSON, CLERK

By: _____/s/_____
Deputy Clerk