**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| RICHARD CAPRI, | 3:12-cv-00417-RCJ-VPC |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| | **OF U.S. MAGISTRATE JUDGE** |
| JAMES COX, *et al.*, | |
| Defendants. | December 18, 2013 |

This Report and Recommendation is made to the Honorable Robert C. Jones, Chief United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR IB 1-4. Before the court is plaintiff's motion for temporary restraining order (#18).[1] Defendants opposed (#23) and plaintiff replied (#38). The court has thoroughly reviewed the record and recommends that plaintiff's motion for temporary restraining order (#18) be denied.

**I. HISTORY & PROCEDURAL BACKGROUND**

Plaintiff Richard Capri ("plaintiff"), who brought this action *pro se*, is an inmate in the custody of the Nevada Department of Corrections ("NDOC") (#7). Plaintiff brings his amended civil rights complaint pursuant to 42 U.S.C. § 1983, alleging that several defendants at Northern Nevada Correctional Center ("NNCC") violated his Fifth, Eighth, and Fourteenth Amendment rights (#7). The court screened the amended complaint pursuant to 28 U.S.C. § 1915A, and permitted the following federal constitutional claims to proceed: count I – Eighth Amendment deliberate

---

[1] Refers to the court's docket number.

-1-

indifference to a serious medical need against defendants Doctors Marr and Gedney and nurse Peery; and count II – Fifth and Fourteenth Amendment due process claim against defendants Cox, Bannister, Peery, Marr and Gedney (#8, pp. 5, 7).

Relevant to plaintiff's motion for temporary restraining is count I, in which he alleges the following: medical personnel Marr, Gedney and Peery have acted with deliberate indifference with respect to treatment for plaintiff's inguinal hernia, which has deteriorated over time to an opening that extends six to eight inches into his scrotum (#7, p. 9). He has been seeking surgical repair for over two years. *Id*. Defendants informed him that the surgery was unnecessary at the time that he filed his complaint, and, moreover, that it was not clear that he could tolerate the surgery due to an underlying cardiac condition. *Id*. at 14. He suffers constant pain and constipation and has blood in his urine. *Id*. at 9.

On August 28, 2013, plaintiff filed a motion for temporary restraining order (#18). He alleges that he "is informed that [Gedney], who is not a cardiac specialist, has once again interfered with plaintiff obtaining necessary and required hernia surgery that had been approved by a "Board of Medical Experts." *Id*. at 2. He moves the court for an order "directing defendants to stop interfering with plaintiff's hernia surgery, and to have Dr. King, the approved surgeon, perform the hernia surgery as soon as possible so to end the constant pain plaintiff suffers." *Id*. at 3.

## II. DISCUSSION & ANALYSIS

### A. Preliminary Injunction Standard

A preliminary injunction is an "extraordinary and drastic remedy" that is never awarded as of right. *Munaf v. Geren*, 553 U.S. 674, 689-90 (2008) (citations omitted). Its sole purpose is to preserve the status quo ante litem (the status that existed before the lawsuit) pending a determination of the case on the merits. *Sierra Forest Legacy v. Rey*, 577 F.3d 1015, 1023 (9th Cir. 2009); 11A

Charles Alan Wright, Arthur R. Miller, and Mary Kay Kane, *Federal Practice and Procedure* § 2947 (2d ed. 1995) ("[A] preliminary injunction . . . is issued to protect the plaintiff from irreparable injury and to preserve the court's power to render a meaningful decision after a trial on the merits."). A plaintiff seeking a preliminary injunction must show: (1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in his favor; and (4) that an injunction is in the public interest. *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20 (2008) (citations omitted); *Am. Trucking Ass'ns, Inc. v. City of L.A.*, 559 F.3d 1046, 1052 (9th Cir. 2009); *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011). In every case, the court "must balance the competing claims of injury and must consider the effect on each party of the granting or withholding of the requested relief." *Winter*, 555 U.S. at 24 (citation omitted).

An even more stringent standard is applied where mandatory, as opposed to prohibitory preliminary relief is sought. The Ninth Circuit has noted that although the same general principles inform the court's analysis, "[when] a party seeks mandatory preliminary relief that goes well beyond maintaining the status quo *pendente lite*, courts should be extremely cautious about issuing a preliminary injunction." *Martin v. International Olympic Committee*, 740 F.2d 670, 675 (9th Cir. 1984). Thus, an award of mandatory preliminary relief should not be granted unless both the facts and the law clearly favor the moving party and extreme or very serious damage will result. *See Anderson v. United States*, 612 F.2d 1112, 1115 (9th Cir. 1979). "[I]n doubtful cases" a mandatory injunction will not issue. *Id.*

Finally, the Prison Litigation Reform Act ("PLRA") mandates that prisoner litigants must satisfy additional requirements when seeking preliminary injunctive relief against prison officials:

> Preliminary injunctive relief must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the

>    least intrusive means necessary to correct that harm.  The court shall give substantial
>    weight to any adverse impact on public safety or the operation of a criminal justice
>    system caused by the preliminary relief and shall respect the principles of comity set
>    out in paragraph (1)(B) in tailoring any preliminary relief.

18 U.S.C. § 3626(a)(2).  Thus, section 3626(a)(2) limits the court's power to grant preliminary injunctive relief to inmates.  *Gilmore v. People of the State of California*, 220 F.3d 987, 998 (9th Cir. 2000).  "Section 3626(a) . . . operates simultaneously to restrict the equity jurisdiction of federal courts and to protect the bargaining power of prison administrators—no longer may courts grant or approve relief that binds prison administrators to do more than the constitutional minimum."  *Id.* at 999.

**B. Analysis**

In his motion, plaintiff does not really address the standard for granting a motion for temporary restraining order, though he argues that "[r]etaliation through deprivation of proper medical care and by cancelling hernia surgery approved by a Board of Medical Experts and cleared by expert cardiologist does not serve the Public Interest . . . ." (#18, p. 3).  Plaintiff did not attach an affidavit or any other documents in support of his motion.  He asks the court to direct defendants to allow and/or arrange for Dr. King to perform the hernia surgery.  *Id*.

In their opposition, defendants contend that plaintiff has failed to demonstrate a likelihood of success on the merits or irreparable harm (#23, pp. 4-7).  Instead, defendants argue that plaintiff's medical records demonstrate that he needed heart surgery before he would be able to withstand the hernia surgery.  *Id*.  Defendants have submitted medical records for plaintiff, under seal, which appear to indicate that plaintiff was approved for hernia surgery in the spring of 2013 (#24, Ex. A, p. 3).[2]  However, defendants also include a July 17, 2013 report from Dr. Todd Chapman, a cardiac

---

[2] The medical records for plaintiff submitted as Exhibits A-C are authenticated by the declaration of NNCC Health Information Coordinator Ronnalee Knight (#23, Ex. E).

surgeon at Carson Tahoe Cardiology, who examined plaintiff and determined that he needed to undergo an Aortic Valve Replacement ("AVR") (#24, Ex. B, pp. 3-4). The medical records reflect that Dr. King then indicated that he would see plaintiff regarding the hernia surgery after the AVR surgery. *Id*. at 6. The NDOC Medical Division Utilization Review Panel approved plaintiff's AVR surgery on September 10, 2013 (#23, Ex. C).

In his reply, plaintiff stated that he has needed the hernia surgery for years and that the surgery has been scheduled and cancelled three times (#38, pp. 2-3). He also attaches a kite that he claims demonstrates that it was Dr. Gedney who postponed the surgery (*id*. at 3; Ex. A). The court notes that in another motion filed by plaintiff, he states that he underwent AVR surgery on October 1, 2013 (#40, p. 1).

The court concludes that plaintiff's motion for temporary restraining order (#18) should be denied. Even if plaintiff could demonstrate that Dr. Gedney was involved in the decision to postpone his hernia surgery, defendants have provided evidence to demonstrate that plaintiff's cardiac surgeon determined that he had to undergo AVR surgery first. While plaintiff may or may not ultimately succeed on his claim that defendants denied plaintiff hernia surgery for years without good reason, he has not demonstrated that court intervention in the form of a mandatory injunction directing defendants to provide hernia surgery is warranted at this time. Moreover, the record demonstrates that it is likely that such hernia surgery will be scheduled once plaintiff is deemed sufficiently recovered from his AVR procedure. As such, plaintiff has not demonstrated a likelihood of success on the merits or irreparable harm. Accordingly, the court recommends that plaintiff's motion for temporary restraining order (#18) be denied.

### III.  CONCLUSION

Based on the foregoing, and for good cause appearing, the court concludes that no basis exists to warrant the issuance of a mandatory injunction directing defendants to provide plaintiff with hernia surgery at this time.  Thus, plaintiff's motion for temporary restraining order should be denied.

The parties are advised:

1. Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule IB 3-2 of the Local Rules of Practice, the parties may file specific written objections to this Report and Recommendation within fourteen days of receipt.  These objections should be entitled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

2. This Report and Recommendation is not an appealable order and any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment.

### IV.  RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that plaintiff's motion for temporary restraining order (#18) be **DENIED.**

**DATED**:  December 18, 2013.

_____
**UNITED STATES MAGISTRATE JUDGE**